UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
WAYNE RUIZ,

                              Plaintiff,                       CV 03-3545 (DLI) (ETB)

       -against-                                  <u>REPORT AND</u>
                                                    <u>RECOMMENDATION</u>

SUFFOLK COUNTY SHERIFF'S
DEPARTMENT, et al.,

                             Defendants.
-------------------------------------------------------------------x

TO THE HONORABLE DORA L. IRIZARRY, UNITED STATES DISTRICT JUDGE:

       Before the court is the motion of the plaintiff, Wayne Ruiz ("Ruiz" or "plaintiff"), to

amend his Complaint, pursuant to Rule 15 of the Federal Rules of Civil Procedure. The

proposed amendments include the following: (1) adding three Suffolk County corrections

officers as party defendants, who plaintiff alleges participated in the underlying incident that

gave rise to this action and who were described in plaintiff's original Complaint as "John Does;"

and (2) adding a claim against the County of Suffolk for municipal liability, pursuant to 42

U.S.C. § 1983 ("Section 1983"). Defendants oppose plaintiff's motion, asserting that plaintiff is

barred by the statute of limitations from pursuing his proposed amended claims and, therefore,

permitting him to amend his Complaint would be futile. For the following reasons, I recommend

that plaintiff's motion be granted in part and denied in part.


<u>F</u><u>ACTS</u>

       Plaintiff, acting <u>pro</u> <u>se</u>, commenced this Section 1983 civil rights action on July 21, 2003,

naming the New York State Department of Corrections, the Suffolk County Sheriff's Department and various corrections officers, including two "John Does," as defendants. On November 14, 2007, through pro bono counsel, Daniel De Vita, plaintiff filed the within motion to amend his Complaint. Plaintiff's Proposed Amended Complaint names the County of Suffolk (the "County") as well as the following Suffolk County corrections officers as defendants: (1) Richard Lorenz ("Lorenz"); (2) Robert Urban ("Urban"); (3) Mark Hawthorne ("Hawthorne"); (4) Timothy Hopkins ("Hopkins"); (5) Rollins Otten ("Otten"); and (6) Stephen McKeough ("McKeough") (collectively referred to as "defendants").[1] (Proposed Am. Compl. ¶¶ 5-12.)

Plaintiff's Proposed Amended Complaint alleges two causes of action. The first, brought pursuant to 42 U.S.C. § 1983, alleges that on April 29, 2003, plaintiff, while incarcerated at the Suffolk County Correctional Center, was assaulted and subjected to an unlawful search by Lorenz, Urban, Hawthorne, Hopkins, Otten and McKeough, in violation of his Fourth, Eighth and Fourteenth Amendment rights. (Id. ¶¶ 12, 26.) Specifically, plaintiff alleges that he was ordered to "strip search, dress and exit his cell." (Id. ¶ 13.) Thereafter, while Otten and Lorenz stood on either side of plaintiff, Hopkins proceeded to search plaintiff's cell and unlawfully seize and dispose of certain items of plaintiff's clothing, in violation of jail procedures and the Fourth Amendment. (Id.)

---

[1] Proposed defendants Urban, Hawthorne and Hopkins are the three individual defendants whom plaintiff seeks to add to this action. Defendants Lorenz, Otten and McKeough were named in plaintiff's original Complaint, along with corrections officers "J. Hickey," "Salvaggio," "J.G. Johnson," "Donnegan," and two "John Does." In addition to the proposed defendants that plaintiff seeks to add, plaintiff also seeks to remove Salvaggio, J.G. Johnson, Donnegan and the John Does from this action and to substitute defendant Hopkins for J. Hickey.

Plaintiff further alleges that after Hopkins disposed of his clothing, Otten directed plaintiff to remove his hands from the cell bars and to turn around. (Id. ¶ 16.) According to plaintiff, when he removed his hands from the cell bars, Lorenz, without provocation, punched him in the eye. (Id.) Plaintiff alleges that Lorenz, Hawthorne, Urban and Otten proceeded to "punch . . . kick and assault" him and that McKeough repeatedly hit plaintiff on his head and hands with a walkie talkie. (Id. ¶¶ 16-17.) Plaintiff alleges that this assault continued "[e]ven after [he] was "brought to the floor." (Id. ¶ 18.) Finally, plaintiff alleges that while placing handcuffs on him, Lorenz caused injury to his thumb and hand by "maliciously and sadistically ben[ding] plaintiff's thumb and hand backward, even though the cuffs were already in place . . . ." (Id.) Lorenz is then alleged to have "maliciously pulled Ruiz by the cuffs . . . and pushed him face first into the [cell] bars causing further injury." (Id.)

Plaintiff alleges that he was denied medical treatment at the Suffolk County Correctional Center on the day of the incident. (Id. ¶ 19.) When plaintiff was brought to court for jury selection that same day, court officers completed forms indicating that plaintiff had visible injuries that were not received while he was in court nor inflicted by court personnel. (Id.) Plaintiff's jury selection was postponed as a result of his injuries. (Id.) Plaintiff was charged with causing the incident and given seventy-five days in solitary confinement. (Id. ¶ 20.)

Plaintiff's Proposed Amended Complaint also alleges that Lorenz and Urban both failed the psychological testing portion of the Suffolk County correction officers' application. (Id. ¶¶ 21-22.) Plaintiff further alleges that both Lorenz and Urban were nonetheless hired as corrections officers by the County. (Id.) Plaintiff's second cause of action, also brought pursuant to 42 U.S.C. § 1983, alleges that the County has a "custom and practice of deliberate

indifference to the hiring of . . . psychologically infirm corrections officers," which has resulted

in the use of unreasonable and excessive force, as well as other "unconstitutional acts," upon

inmates of the Suffolk County Correctional Center, including plaintiff.  (Id. ¶ 24.)


<u>DISCUSSION</u>

I.      <u>Legal Standard</u>

        Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend should be "granted

freely . . . when justice so requires.  Fed. R. Civ. P. 15(a)(2).  Leave to amend may, however, be

denied where there is "undue delay, bad faith or dilatory motive on the part of the movant,

repeated failure to cure deficiencies by previous amendments previously allowed, undue

prejudice to the opposing party, [or] futility of amendment . . . ."  <u>Foman v. Davis</u>, 371 U.S. 178,

182 (1962); <u>see</u> <u>also</u> <u>Monahan v. N.Y. City Dep't of Corr.</u>, 214 F.3d 275, 283 (2d Cir. 2000).  In

reviewing plaintiff's Proposed Amended Complaint, the court must accept all of the factual

allegations as true and draw all reasonable inferences in plaintiff's favor.  <u>See</u> <u>Luparello v. Inc.</u>

<u>Vill. of Garden City</u>, 290 F. Supp. 2d 341, 343 (E.D.N.Y. 2003); <u>see</u> <u>also</u> <u>Jaghory v. N.Y. State</u>

<u>Dep't of Educ.</u>, 131 F.3d 326, 329 (2d Cir. 1997).

        The party opposing amendment bears the burden of demonstrating that leave to amend

would be prejudicial or futile.  <u>See</u> <u>Blaskiewicz v. County of Suffolk</u>, 29 F. Supp. 2d 134, 137

(E.D.N.Y. 1998) (citation omitted).  The issue is not whether plaintiff will ultimately prevail but

whether he is entitled to offer evidence to support the claims asserted.  <u>See</u> <u>Luparello</u>, 290 F.

Supp. 2d at 343; <u>see</u> <u>also</u> <u>Villager Pond, Inc. v. Town of Darien</u>, 56 F.3d 375, 378 (2d Cir. 1995).

In making this determination, the court should not consider the merits of a claim or defense

unless the amendment is "clearly frivolous or legally insufficient on its face." Blaskiewicz, 29 F. Supp. 2d at 138 (quoting Northbrook Nat'l Ins. Co. v. J&R Vending Corp., 167 F.R.D. 643, 647 (E.D.N.Y. 1996) (additional citation omitted). "'If the [movant] has at least colorable grounds for relief, justice . . . require[s]' that the court grant leave to amend a complaint." Blaskiewicz, 29 F. Supp. 2d at 138 (quoting Golden Trade, S.r.L. v. Jordache, 143 F.R.D. 504, 506 (S.D.N.Y. 1992) (additional citation omitted) (alteration in original).

A motion to amend may be considered futile if the claims sought to be added to the complaint are barred by the relevant statute of limitations. See Blaskiewicz, 29 F. Supp. 2d at 138. However, where an amended complaint asserts a claim that would otherwise be untimely, it may "relate back" to the earlier complaint if it "'arises out of the same transaction or occurrence as the one that the plaintiff originally alleged . . . ." Wilson v. Fairchild Republic Co., 143 F.3d 733, 738 (2d Cir. 1998) (quoting Leonelli v. Pennwalt Corp., 887 F.2d 1195, 1199 (2d Cir. 1989)); see also Fed. R. Civ. P. 15(c)(1)(B) ("An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out - or attempted to be set out - in the original pleading."). Accordingly, "[f]or a newly added action to relate back, the basic claim must have arisen out of the conduct set forth in the original pleading . . . ." Slayton v. American Express Corp., 460 F.3d 215, 228 (2d Cir. 2006) (quoting Tho Dinh Tran v. Alphonse Hotel Corp., 281 F.3d 23, 36 (2d Cir. 2002)) (additional quotation and internal quotation marks omitted). The central inquiry under Rule 15 is "whether adequate notice of the matters raised in the amended pleading has been given to the opposing party within the statute of limitations by the general fact

situation alleged in the original pleading." Slayton, 460 F.3d at 228 (quoting Stevelman v. Alias Research, Inc., 174 F.3d 79, 86 (2d Cir. 1999)).

An amendment to change a party or the name of a party may also relate back to the original pleading, and therefore be timely for statute of limitations purposes, if the amendment asserts a claim or defense that arose out of the same conduct, transaction or occurrence originally pleaded and

> if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C). The purpose of Rule 15 "is to provide [the] maximum opportunity" for each claim to be decided on its merits rather than on procedural technicalities." Siegel v. Converters Trans., Inc., 714 F.2d 213, 216 (2d Cir. 1983) (quotation omitted). Accordingly, leave to amend pursuant to Rule 15(c) is to be liberally construed. See id.


II.     The Individual Defendants Plaintiff Seeks to Add

Plaintiff seeks to amend his complaint to add corrections officers Urban and Hawthorne as defendants and to substitute corrections officer Hopkins for the defendant named as "J. Hickey" in the original pro se Complaint.

A.      Proposed Defendants Hawthorne and Urban

The statute of limitations applicable to Section 1983 claims in New York is three years. See Soto v. Brooklyn Corr. Facility, 80 F.3d 34, 35 (2d Cir. 1996). Plaintiff's Section 1983 claim accrued on April 29, 2003, the date of the alleged incident that gave rise to this

action.  See Singleton v. City of New York, 632 F.2d 185, 191 (2d Cir. 1980) (holding that a

Section 1983 claim accrues when plaintiff "knows or has reason to know of the injury which is

the basis of his action").  Plaintiff timely filed his Complaint naming, inter alia, "John Doe"

defendants on July 21, 2003.  Plaintiff's Proposed Amended Complaint, however, in which

plaintiff seeks to replace the John Doe defendants with Hawthorne and Urban, was filed on

November 14, 2007, beyond the limitations period.

As stated above, a claim that would otherwise be untimely may "relate back" to an earlier

complaint so long as the claim sought to be added arises out of the same conduct, transaction or

occurrence set forth in the original pleading.  See Fed. R. Civ. P. 15(c)(1)(B); Wilson, 143 F.3d

at 738.  There is no dispute here that Hawthorne and Urban took part in the incident alleged to

have occurred on April 29, 2003, which formed the basis of plaintiff's original Complaint.  Thus,

plaintiff's Proposed Amended Complaint adding defendants Hawthorne and Urban satisfies the

"same conduct, transaction, or occurrence" test of Rule 15(c)(1)(B).

In addition, the notice requirement of Rule 15(c) is satisfied as to Hawthorne and Urban

because, under the Rule, it is not essential that a potential party receive formal notice of the

claim asserted against it.  See Blaskiewicz, 29 F. Supp. 2d at 138.  Rather, it is sufficient if such

notice occurs through "informal means."  Id. (citation omitted).  Urban and Hawthorne are

County employees.  Accordingly, constructive notice of plaintiff's action can be imputed to

Hawthorne and Urban through the County Attorney of Suffolk County.  See id. at 139.  "Under

the doctrine of constructive notice, 'the court can impute knowledge of a lawsuit to a new

defendant government official through his attorney, when the attorney also represented the

officials originally sued, so long as there is some showing that the attorney knew that the

additional defendants would be added to the existing suit." <u>Id.</u> (quoting <u>Scott v. Coughlin</u>, 944 F. Supp. 266, 270 (S.D.N.Y. 1996)) (additional citation omitted). "In deciding whether the government attorney possessed the requisite knowledge, the question is whether the attorney 'knew or should have known that the defendants . . . would be named.'" <u>Blaskiewicz</u>, 29 F. Supp. 2d at 139 (quoting <u>Gleason v. McBride</u>, 869 F.2d 688, 693 (2d Cir. 1989)).

Here, Hawthorne and Urban both filed incident reports on April 29, 2003 concerning their participation in the incident plaintiff alleges caused his injuries. (Def. Ex. F, nos. 24-26.) In addition, both a report by Captain Michael J. Murname, dated June 12, 2003, (<u>id.</u>, no. 20), and the Internal Affairs report regarding the incident, dated December 29, 2004, (Def. Ex. G), state that Hawthorne and Urban took part in plaintiff's cell shakedown on April 29, 2003. Accordingly, the Suffolk County Attorney either knew or should have known that Hawthorne and Urban would be added as defendants. <u>See</u> <u>Blaskiewicz</u>, 29 F. Supp. 2d at 139.

However, a further requirement for relation back under Rule 15(c) is that "the party to be brought in by amendment . . . knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii); <u>Blaskiewicz</u>, 29 F. Supp. 2d at 139. In the within action, the statute of limitations for plaintiff's Section 1983 claim expired on April 29, 2006. For the Proposed Amended Complaint to successfully relate back to plaintiff's original Complaint with respect to Hawthorne and Urban, plaintiff would need to demonstrate that he was mistaken concerning the identity of the proper defendants and further demonstrate that, had it not been for that mistake, he would have named Hawthorne and Urban as defendants when he commenced this action.

Plaintiff cannot meet this burden. During the course of discovery, defendants twice provided plaintiff with documents expressly identifying Hawthorne and Urban as participants in the shakedown of plaintiff's cell on April 29, 2003: (1) as part of defendants' automatic disclosures, which were furnished to plaintiff while he was acting pro se on January 22, 2004, more than two years before the statute of limitations expired, (Def. Ex. F, nos. 22-27); and (2) in response to plaintiff's first set of interrogatories and document production requests, which was provided to plaintiff on March 13, 2006, more than one month prior to the expiration of the statute of limitations and when plaintiff was represented by counsel. (Def. Ex. D.) Both disclosures contained the incident reports filed by Hawthorne and Urban concerning plaintiff's cell shakedown on April 29, 2003. Moreover, defendants' automatic disclosures, which, as stated supra, plaintiff received in January 2004, also contained a report from Captain Michael J. Murname, which identified Hawthorne and Urban as the corrections officers involved in the incident of April 29, 2003, along with Otten and Lorenz. (Def. Ex. F, no. 20.)

In Blaskiewicz v. County of Suffolk, 29 F. Supp. 2d 134, 136 (E.D.N.Y. 1998), the plaintiff's original civil rights complaint named only the "County of Suffolk, [its] agents, employees and servants" as defendants. Plaintiff thereafter sought leave to amend his complaint to add the names of three individual defendant officers because "he did not know that it was necessary to [add such individual defendants] to recover punitive damages." Id. at 137, 140. Since punitive damages are not recoverable from a municipality, the Blaskiewicz court found Rule 15(c) to be satisfied because Blaskiewicz had made a mistake of law and the "County of Suffolk knew or should have known that, but for this mistake, individual defendants would have also been named as party defendants . . . ." Id. at 140; see also Soto, 80 F.3d at 37 (granting

leave to amend under relation back where "but for [plaintiff's] mistake as to the technicalities of constitutional tort law, he would have named the officers in the original complaint, within the three-year limitations period").

Ruiz cannot be said to have made a mistake of law. Rather, plaintiffs' Complaint alleges a valid Section 1983 claim. The only thing lacking is the "proper" individual defendants, whom plaintiff wishes to now add. As such, the court is guided by the opinion in <u>Cornwwell v. Robinson</u>, 23 F.3d 694, 705 (2d Cir. 1994), in which an exhibit attached to plaintiff's complaint identified the individuals plaintiff sought leave to add. The court in <u>Cornwell</u> held that the plaintiff did not meet the requirements of relation back because the failure to timely sue the additional individuals, in light of the knowledge of their identities as demonstrated in the exhibit to the complaint, amounted to a "matter of choice, not mistake." <u>Id.</u> The same can be said for Ruiz. Although Ruiz did not, as in <u>Cornwell</u>, know the identities of Hawthorne and Urban when he filed his original Complaint, he was provided with documents demonstrating their involvement in the April 29, 2003 cell shakedown on more than one occasion within the applicable limitations period. Thus, the decision not to seek the timely addition of Hawthorne and Urban may not be interpreted as a mistake. <u>See id.</u>

Further guidance is provided by <u>Byrd v. Abate</u>, 964 F. Supp. 140, 145 (S.D.N.Y. 1997), in which the court held that the plaintiff satisfied the mistake requirement under Rule 15 (c) where he made a series of efforts to obtain the identity of the individual officer he sought to add to the action within the applicable time period. In that case, plaintiff's counsel requested the identity of the officer nine months before the statute of limitations expired and the court ordered defendants to make such disclosure four months before the limitations period ended. <u>See id.</u>

Defendants' counsel in <u>Byrd</u> nevertheless failed to disclose the officer's identity until four months after the statute of limitations had run. <u>See</u> <u>id.</u> As a result, the court held that Rule 15(c) was satisfied, in part because to hold otherwise "would permit defense counsel to eliminate claims against any John Doe defendants merely by resisting discovery until the statute of limitations has ended." <u>Id.</u> Unlike in <u>Byrd</u>, defendants' counsel herein twice provided plaintiff with documents identifying Hawthorne and Urban - once while plaintiff was acting <u>pro</u> <u>se</u> and again after counsel had been assigned - within the applicable statute of limitations period. Thus, it cannot be said that defense counsel effectively eliminated plaintiff's opportunity to add Hawthorne and Urban to this action in a timely manner.

Plaintiff argues that the statute of limitations should be tolled as to Hawthorne and Urban due to defendants' alleged dilatory tactics during discovery. (Reply Decl. of Daniel F. De Vita, dated Jan. 11, 2008 ("De Vita Reply Decl."), ¶ 13.) Under the doctrine of equitable tolling, statutes of limitation may be tolled as a matter of fairness if the party seeking application of the doctrine "(1) has 'acted with reasonable diligence during the time period [he] seeks to have tolled,' and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." <u>Zerilli-Edelglass v. N.Y. City Transit Auth.</u>, 333 F.3d 74, 80 (2d Cir. 2003) (quoting <u>Chapman v. ChoiceCare Long Island Term Disability Plan</u>, 288 F.3d 506, 512 (2d Cir. 2002)). Equitable tolling may apply where the plaintiff was actively misled by defendants, <u>see</u> <u>Smith v. Amer. President Lines, Ltd.</u>, 571 F.2d 102, 109 (2d Cir. 1978), or if the defendant concealed from the plaintiff the existence of the cause of action. <u>See</u> <u>Blaskiewicz</u>, 29 F. Supp. 2d at 141 (citing <u>Cerbone v. Int'l Ladies' Garment Workers' Union</u>, 768 F.2d 45, 48 (2d Cir. 1985)). An "extraordinary" circumstance permitting the equitable tolling of the statute of limitations may

also exist where the plaintiff demonstrates that it would have been impossible for a reasonably prudent person to discover the cause of action.  See Miller v. Int'l Telephone & Telegraph Corp., 755 F.2d 20, 24 (2d Cir. 1985).  However, mere unawareness of facts or law alone does not justify suspending the operation of the statute of limitations.  See Arneil v. Ramsey, 550 F.2d 774, 781 (2d Cir. 1977).  Rather there must be "affirmative action on the part of the plaintiff to preserve its right."  Bowers v. Transportacion Maritima Mexicana, S.A., 901 F.2d 258, 264 (2d Cir. 1990).

In the within action, defendants did not actively mislead plaintiff with respect to the identities of Hawthorne and Urban.  Rather, as discussed above, defendants disclosed the identities of Hawthorne and Urban, as well as their involvement in the shakedown of plaintiff's cell on April 29, 2003, on two separate occasions during the course of discovery and well within the applicable statute of limitations period.  Moreover, it cannot be said that defendants concealed the cause of action from plaintiff or that it would have been impossible for plaintiff to discover the cause of action given the fact that plaintiff alleged a valid Section 1983 cause of action in his original pro se Complaint, albeit against incorrect defendants.  Accordingly, there is no basis to support an equitable tolling of the statute of limitations with respect to Hawthorne and Urban.

Based on the foregoing, I recommend that plaintiff's motion to amend his Complaint to add Hawthorne and Urban as individual defendants be denied.

B.      Proposed Defendant Hopkins

Plaintiff also seeks to amend his Complaint to substitute Hopkins for defendant

"Hickey," asserting that it was a mistake to name Hickey in the original Complaint. (Pl. Mem. of Law in Supp. of Mot. to Am. Compl., 4.)

Pursuant to Rule 15, leave to amend to change a party may be granted where the amendment states a claim that arose out of the same conduct set forth in the original complaint. See Fed. R. Civ. P. 15(c)(1)(B). Here, according to deposition testimony submitted by plaintiff, Hopkins testified that he conducted the search of cell number 32 - plaintiff's cell - on April 29, 2003. (De Vita Reply Decl., Ex. 16, at 19.) The events that allegedly occurred during that cell search are what gave rise to this lawsuit. Accordingly, plaintiff's Section 1983 claim against Hopkins arises out of the same conduct alleged in plaintiff's original Complaint.

Rule 15(c) further requires that plaintiff demonstrate that Hopkins received notice of the action such that he will not be prejudiced in defending this action on the merits and that Hopkins knew or should have known that this action would have been brought against him, but for a mistake concerning his identity. See Fed. R. Civ. P. 15(c)(1)(C). As with Hawthorne and Urban, set forth supra, Hopkins had constructive notice of the within action such that plaintiff has met the requirements of Rule 15(c).

As stated above, under the doctrine of constructive notice, the court can impute knowledge of a lawsuit to a new defendant government official through his attorney when the attorney also represented the officials originally sued, so long as the plaintiff can demonstrate that the attorney knew or should have known that the additional defendant would be added to the suit. See Blaskiewicz, 29 F. Supp. 2d at 139; Byrd, 694 F. Supp. At 146 ("[N]otice of a lawsuit can be imputed to a new defendant state official through his attorney, when the attorney also represents the officials originally sued."). In Byrd v. Abate, 694 F. Supp. 140, 146 (S.D.N.Y.

-13-

1997), the plaintiff's original complaint named only "John Doe" defendants. The court found, however, that the allegations against the John Doe defendants in the original complaint informed defendants' attorney, Corporation Counsel, that the officer on duty during the incident would also be a defendant in the suit. <u>See id.</u> Based on this knowledge by Corporation Counsel, the court held that there was imputed notice to the unnamed individual defendant because the defendant's identity was "information uniquely accessible to Corporation Counsel." <u>Id.</u> at 147.

Here, plaintiff's Complaint alleges that a "Jamaican" corrections officer participated in the alleged misconduct at issue in this action. (Compl., at 5.) Plaintiff requested from defendants the "name, badge number, date of birth, and rank of the correction official . . . described in the complaint who is of West Indian or Jamaican descent" in his first request for interrogatories. (De Vita Reply Decl., Ex. 15.) The defendants responded to this request as follows: "On information and belief, Rollins Otten." (<u>Id.</u>) However, on March 21, 2007, when Otten arrived for his deposition, plaintiff learned, for the first time, that Otten is not "Jamaican," but rather a white Caucasion male. (<u>Id.</u>, ¶ 15.) After this discrepancy was brought to defendants' attention by plaintiff, defendants ultimately identified and produced Hopkins, who is black, on April 18, 2007, more than thirteen months after they served their erroneous interrogatory response. (<u>Id.</u>)

Plaintiff's Complaint, as well as his first request for interrogatories, informed defendants' counsel, the Suffolk County Attorney, that a "Jamaican" officer would be a defendant in this action. The identity of that officer - Hopkins - was knowledge that was "uniquely accessible" to the Suffolk County Attorney, particularly in light of the fact that the County Attorney erroneously identified Otten, a white corrections officer, when requested by plaintiff to identify

the "Jamaican" corrections officer described in his Complaint. Accordingly, the Suffolk County Attorney should have known that Hopkins would have been named as a defendant in this action within the limitations period, but for plaintiff's inability to obtain Hopkins' identity from the County Attorney. See Byrd, 694 F. Supp. 2d at 147. The County Attorney has had an opportunity to prepare a vigorous defense and the inclusion of Hopkins in this action should have no bearing on that defense. See id. (citing Scott v. Coughlin, 944 F. Supp. 266, 270-71 (S.D.N.Y. 1996)).

Plaintiff has also satisfied the mistake requirement for relation back under Rule 15(c). In Barrow v. Weathersfield Police Department, 66 F.3d 466, 470 (2d Cir. 1995), the Second Circuit ruled that "the failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake." The plaintiff in Barrow disregarded an explicit direction by the court to identify the officers he sought to add to his complaint and failed to make any effort to discover their identities until after the statute of limitations expired. See id. at 466. Here, however, it was defendants who failed to identify Hopkins, despite plaintiff's request for that information within the applicable time period. See Byrd, 694 F. Supp. at 146 (listing plaintiff's efforts to obtain identification as support for allowing relation back). Further, as stated above, the identity of Hopkins was information that was uniquely within the knowledge of defendant's counsel. See id. Plaintiff cannot be deemed to have deliberately omitted Hopkins from his Complaint simply because he did not know Hopkins' identity prior to the expiration of the statute of limitations. To deny relation back here would allow defense counsel to effectively eliminate plaintiff's claim against Hopkins merely by resisting discovery requests until after the statute of limitations has run. See id.

Moreover, plaintiff's claim against Hopkins is not necessarily time-barred. As stated above, a statute of limitations may be equitably tolled if the party seeking tolling has acted affirmatively to preserve his right and has demonstrated that extraordinary circumstances warrant the application of the doctrine. See Zerilli-Edelglass, 333 F.3d at 80 (citation omitted). Here, plaintiff acted diligently to preserve his rights with respect to Hopkins for purposes of equitable tolling. First, while acting pro se, plaintiff alleged in his Complaint that one of the corrections officers who violated his constitutional rights was "Jamaican." (Compl., at 5.) Second, after counsel was appointed, plaintiff served his first request for interrogatories on February 22, 2006 - within the three-year limitations period - requesting therein that defendants provide the "name, badge number, date of birth, and rank of the correction official . . . described in the complaint who is of West Indian or Jamaican descent." (De Vita Reply Decl., Ex. 15.) Defendants erroneously identified Rollins Otten in response to this interrogatory, (id.), the error of which plaintiff did not discover until Ottens, who is white, appeared for deposition on March 21, 2007. (De Vita Reply Decl., ¶ 15.) It was not until April 18, 2007 that defendants ultimately identified and produced Hopkins for deposition. (Id.)

Plaintiff was effectively "lulled into a false sense of security" by defendants' response to his interrogatory because Otten was already a named defendant in the Complaint herein. Smith, 571 F.2d at 111. In addition, defendants actively misled plaintiff by naming Otten in response to the interrogatory, which directly contributed to plaintiff's delayed identification of Hopkins. See id. at 110; cf. Pearl v. City of Long Beach, 296 F.3d 76, 88 (2d Cir. 2002) (denying equitable tolling where plaintiff failed to request information from officers and officers subsequently did not misrepresent with respect to such information). Based on the misleading actions of

defendants, as well as plaintiff's affirmative acts to preserve his rights within the applicable time period, I find that the statute of limitations should be equitably tolled as to plaintiff's claim against Hopkins. See Smith, 571 F.2d at 109 n.12 ("[T]he usual cases of [equitable tolling] . . . ordinarily consist of affirmative misrepresentations or active misconduct on the part of the defendant.") (citation omitted).

Accordingly, I recommend that plaintiff's motion to amend his Complaint to substitute Hopkins for the defendant identified as "Hickey" in the original pro se Complaint be granted.


III.    The County of Suffolk

Plaintiff also seeks to amend his Complaint to assert a cause of action for municipal liability against the County, pursuant to 42 U.S.C. § 1983. The substance of plaintiff's proposed claim is that the County has a "custom and practice of deliberate indifference to the hiring of . . . psychologically infirm corrections officers," which has resulted in the use of excessive force, as well as other "unconstitutional acts," upon inmates of the Suffolk County Correctional Center. (Proposed Am. Compl., ¶ 24.) As support for this claim, plaintiff alleges that corrections officers Lorenz and Urban both failed the psychological testing portion of the Suffolk County correction officers' application, yet were hired by the County nonetheless. (Id. ¶¶ 21-22.)

An actionable Section 1983 claim against a municipality requires plaintiff to have suffered an injury or harm stemming from a municipal "policy or custom." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). Accordingly, to sustain such a claim, plaintiff must plead and prove three elements: "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." Prince v. Suffolk County Dep't of Health

Servs., Nos. 89 Civ. 7243, 89 Civ. 8085, 1995 WL 144782, at *7 (S.D.N.Y. Apr. 3, 1995)

(quoting Batista v. Rodriguez, 702 F.2d 393, 397 (2d Cir. 1983)).

As noted above, the statute of limitations for Section 1983 claims in New York is three years.  See Pinaud v. County of Suffolk, 52 F.3d 1139, 1156 (2d Cir. 1995).  Accordingly, any Section 1983 claim plaintiff wished to pursue against the County expired on April 29, 2006.  However, plaintiff argues that his claim against the County is subject to delayed accrual.  (Pl. Reply Mem. of Law in Supp. of Mot. to Am. Compl., 2.)

Under New York law, "a cause of action accrues 'when the claim becomes enforceable, i.e., when all elements of the [claim] can be truthfully alleged in a complaint.'"  Damino v. City of N.Y., No. CV-99-3638, 2004 U.S. Dist. LEXIS 18243, at *15 (E.D.N.Y. Sept. 13, 2004) (quoting Snyder v. Town Insulation, Inc., 81 N.Y.2d 429, 432 (1993)) (alteration in original).  Specifically, a Monell claim accrues when the plaintiff "knew or should have known enough to claim the existence of a 'policy or custom' so that he could sue the [municipality]."  Damino, 2004 U.S. Dist. LEXIS 18243, at *15 (quoting Pinaud, 52 F.3d at 1157 n.17) (alteration in original); see also Clinton v. City of N.Y., No. 98 Civ. 3810, 1999 U.S. Dist. LEXIS 2145, at *2-3 (S.D.N.Y. Mar. 1, 1999).

Plaintiff's motion to amend was filed more than four years after the statute of limitations on his municipal liability claim began to run.  Plaintiff asserts, however, that his Monell claim against the County did not accrue when he delivered his Complaint to prison officials on July 21, 2003, but rather only later, when it was clear, or should have been clear, that the harmful act he alleges to have suffered was the consequence of a county policy or custom.  (Pl. Reply Mem. of Law in Supp. of Mot. to Am. Compl., 2.)  According to plaintiff, the facts underlying his Monell

claim "were not revealed - and could not have been - before the depositions of Corrections Officers Lorenz and Urban on March 21, 2007 and April 17, 2007, respectively." (Id.) Specifically, plaintiff asserts that it was only during those depositions that he learned that although Lorenz and Urban had failed the psychological portion of the Suffolk County corrections officer application process, both were "hired anyway." (Id.) Plaintiff maintains that as a result of this testimony by Lorenz and Urban, "it became evident the County had a policy or custom of hiring psychologically unfit individuals as corrections officers with the obvious consequence that such a policy would lead to the use of excessive force on inmates like [plaintiff]." (Id.)

In Clinton v. City of New York, No. 98 Civ. 3810, 1999 U.S. Dist. LEXIS 2145, at *1-3 (S.D.N.Y. Mar. 1, 1999), the plaintiff sought delayed accrual of a Section 1983 claim against the City of New York, stemming from an arrest for possession of a controlled substance that occurred on September 29, 1992. In finding that plaintiff's claim was subject to delayed accrual, the court stated that although a "false arrest claim normally begins to accrue at the time of the arrest . . . a Monell claim does not necessarily accrue upon the occurrence of the harmful act, but only later when it is clear, or should be clear, that the harmful act is the consequence of a municipal policy or custom." Id, at *2-3 (citing Pinaud, 52 F.3d at 1157) (internal citation omitted). The court went on to hold that because the basis of plaintiff's Monell claim was not apparent to him until more than two years after his arrest - as a result of information imputed to him through his attorney - plaintiff's Monell claim did not accrue until December 13, 1994. See id. at *3-4.

In the within action, the evidence submitted by plaintiff demonstrates that he did not know about, nor had any reason to know about, the alleged County policy of hiring psychologically unfit corrections officers within the applicable time period for his municipal liability claim. Rather, it was only after deposing both Lorenz and Urban that plaintiff acquired such knowledge. Thus, plaintiff's <u>Monell</u> claim did not accrue until April 17, 2007 - the date of Urban's deposition - and therefore his motion to amend his Complaint with respect to the County is timely.

Defendants argue that plaintiff's motion should be denied because his <u>Monell</u> claim fails to satisfy the relation back requirements of Federal Rule of Civil Procedure 15(c). (Def. Mem. of Law in Opp'n to Pl. Mot. to Am. Compl., 7-9.) However, as set forth <u>supra</u>, plaintiff's claim against the County is timely because it is subject to delayed accrual. Therefore, Rule 15(a) applies to plaintiff's claim against the County, not Rule 15(c). <u>See</u> 6A C. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1496, at 64 (2d ed. 1990) ("[T]he doctrine of relation back is of importance primarily in the context of amendments . . . when the statute of limitations is implicated."). Motions to amend under Rule 15(a) are liberally granted, however the district court maintains the discretion to deny leave to amend for reasons such as futility, bad faith, undue delay or undue prejudice to the opposing party. <u>See</u> <u>Vineyard v. County of Nassau</u>, 329 F. Supp. 2d 364, 367 (E.D.N.Y. 2004) (citing <u>Foman</u>, 371 U.S. at 182). No such reasons are present in the within action.

First, plaintiff's proposed Section 1983 claim against the County is not futile. An amendment may be futile if the proposed amended complaint would be subject to dismissal for failure to state a claim or on some other ground. <u>See</u> <u>Hampton Bays Connections, Inc. v. Duffy</u>,

212 F.R.D. 119, 123 (E.D.N.Y. 2003).  Plaintiff alleges in his Proposed Amended Complaint that the County's "custom and practice of deliberate indifference to the hiring of . . . psychologically infirm corrections officers" has resulted in the use of excessive force, as well as the commission of other "unconstitutional acts," upon inmates of the Suffolk County Correctional Center, including plaintiff.  (Proposed Am. Compl. ¶ 24.)  As support for this claim, plaintiff alleges that Lorenz failed the psychological portion of the County's application to be a corrections officer because he "could not handle the stress of being a corrections officer."  (Id. ¶ 21.)  Lorenz was hired by the County nonetheless, "with full knowledge that he had failed" the psychological examination.  (Id.)  Plaintiff further alleges that Urban also failed the County's psychological examination to be a corrections officer.  (Id. ¶ 22.)  Urban was nevertheless hired by the County as well.  (Id.)  Accepting as true all of the factual allegations in plaintiff's Proposed Amended Complaint and drawing all reasonable inferences in plaintiff's favor, see Luparello, 290 F. Supp. 2d at 343, plaintiff's proposed Section 1983 claim against the County is not futile.

Second, the County will not suffer any undue prejudice if plaintiff is permitted to amend his Complaint.  Despite any additional costs of litigation, the "burden of undertaking discovery does not outweigh the Federal Rules' policy of liberally granting . . . amendments, thereby enabling the parties to adjudicate disputes on their merits."  Hampton Bays, 212 F.R.D. at 123-24 (quoting S.S. Silberblatt, Inc. v. East Harlem Pilot Block Bldg. 1 Hous. Dev. Fund Co., 608 F.2d 28, 43 (2d Cir. 1979)).  Accordingly, amendments that require the expenditure of some additional time, effort or money do not constitute undue prejudice.  See Hampton Bays, 212 F.R.D. at 124.

Finally, plaintiff's <u>Monell</u> claim against the County is based upon information obtained by him through discovery and therefore is not made in bad faith. <u>See id.</u> ("Because the proposed amendment is apparently based upon information obtained by the plaintiffs through discovery, the . . . plaintiffs [moved to amend] in good faith."). Moreover, nothing before the court indicates that plaintiff's motion to amend with respect to the County was made after any undue delay. Rather, plaintiff's claim against the County is timely for the reasons discussed <u>supra</u>.

Based on the foregoing, I recommend that plaintiff be granted leave to amend his Complaint to add a Section 1983 claim against the County.

R<small>ECOMMENDATION</small>

For the foregoing reasons, I recommend that plaintiff's motion to amend his Complaint to add a cause of action, pursuant to 42 U.S.C. § 1983, against Corrections Officers Hawthorne and Urban be denied. I further recommend that plaintiff's motion to amend his Complaint to add causes of action, pursuant to 42 U.S.C. § 1983, against Corrections Officer Hopkins and the County of Suffolk be granted.

O<small>BJECTIONS TO THIS</small> R<small>EPORT AND</small> R<small>ECOMMENDATION</small>

Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a copy to the undersigned within ten (10) days of the date of this report. Failure to file objections within ten (10) days will preclude further appellate review of the District Court's order. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), and 72(b); <u>IUE AFL-CIO Pension Fund v. Herrmann</u>, 9 F.3d 1049, 1054 (2d Cir. 1993), <u>cert. denied</u>, 513 U.S. 822 (1994); <u>Frank v.</u>

Johnson, 968 F.2d 298 (2d Cir. 1992), cert. denied, 506 U.S. 1038 (1992); Small v. Sec'y of

Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).


**SO ORDERED:**

Dated: Central Islip, New York
        May 8, 2008


                                        /s/ E. Thomas Boyle
                                        HON. E. THOMAS BOYLE
                                        United States Magistrate Judge