UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
WAYNE RUIZ,                                       :     **MEMORANDUM AND**
                    Plaintiff,          :     **ORDER ADOPTING**
                                           :     **REPORT & RECOMMENDATION**
                                           :     03 CV 3545 (DLI) (ETB)
                 -against-                :
                                   :
SUFFOLK COUNTY SHERIFF'S DEPARTMENT, :
*et al.*                                          :
                                   :
                   Defendants.             :
-----------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

Plaintiff asserts various violations of constitutional rights arising from an unlawful search of his jail cell at the Suffolk County Correction Center, during which he was injured. Plaintiff initially filed the complaint *pro se*, but subsequently was represented by *pro bono* counsel who moved to amend the complaint. On May 8, 2008, United States Magistrate Judge E. Thomas Boyle issued a report recommending that the court: (I) grant plaintiff's motion to the extent it seeks to substitute Corrections Officer Timothy Hopkins for Corrections Officer J. Hickey and to add Suffolk County as an additional defendant, and (ii) deny plaintiff's motion to the extent it seeks to add Corrections Officers Robert Urban and Mark Hawthorne as additional defendants. (*See* Report and Recommendation ("R&R"), Docket Entry No. 109.) The court reviewed defendants' timely objections to the R&R. For the reasons set forth more fully below, the court adopts the R&R in its entirety.[1]

---

[1] Familiarity with the facts and background of this matter as set forth in Judge Boyle's R&R is assumed, and thus, shall not be repeated herein. Only those facts necessary to the discussion shall be set forth.

1

# DISCUSSION

## I.  Standard of Review

District courts may adopt the portions of a magistrate judge's report and recommendation to which the parties do not object and with which the court finds no clear error. *See* Fed. R. Civ. P. 72(b); *see also Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989). District courts review *de novo* the portions of reports to which parties object. *See* Fed. R. Civ. P. 72(b). However, when "a party's objections are simply a regurgitation of the arguments [it] made to the magistrate judge . . . the report and recommendation is reviewed by the district judge for clear error." *Gee Chan Choi v. Jeong-Wha Kim*, 04-CV-4693, 2006 WL 3535931, *2 (E.D.N.Y. Dec. 7, 2006) (internal citations omitted).

Defendants object to Judge Boyle's recommendation that the court grant plaintiff's request to add Suffolk County (the "County") as an additional defendant. Plaintiff alleges that the County's practice of hiring individuals who fail psychological screening, including two corrections officers who allegedly harmed plaintiff, violates his constitutional rights as set forth in *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Defendants contend that it would be futile to permit plaintiff to add this claim as (I) none of the individual defendants failed psychological screening, and (ii) plaintiff cannot establish that the alleged practice was the proximate cause of his injuries. Defendants' objection is premised on grounds argued in their opposition to plaintiff's motion to amend. (*See* Def. Opp. at 7-9; Docket Entry No. 99.) Judge Boyle comprehensively addressed these arguments and defendants' submission offers no new arguments as to why the court should reject his analysis. The court thus exercises its to review Judge Boyle's report for clear error. *See United States v. Kantipuly*, 06-CR-65, 2007 WL 463125, *2 (W.D.N.Y. Feb. 9, 2007). Nevertheless, the court finds that Judge Boyle's report withstands the more stringent scrutiny of *de novo* review.

2

**II.      Analysis**

Under Rule 15 of the Federal Rules of Civil Procedure, leave to amend should be "granted freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2).  Courts should deny leave to amend when a claim a plaintiff seeks to add to an amended complaint is "clearly frivolous or legally insufficient on its face." *Blaskiewicz v. County of Suffolk*, 29 F. Supp. 2d 134, 138 (E.D.N.Y. 1998). A claim that is untimely under the relevant statute of limitations is insufficient on its face.  To determine whether a *Monell* claim is timely, the accrual of time begins when the plaintiff "knew or should have known enough to claim the existence of a 'policy or custom' so that he could sue the [municipality]." *See Damino v. City of New York*, 99-CV-3638, 2004 WL 2032515, *5 (E.D.N.Y. Sept. 13, 2004) (quoting *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1157 n.17 (2d Cir. 1995).

In the instant motion, plaintiff seeks to amend the complaint to add the County as an additional defendant to assert a *Monell* claim against the County.  Plaintiff asserts that he first learned of the facts underlying this claim—that Richard Lorenz and Robert Urban both failed their psychological screening yet were hired nonetheless—at their depositions, held on March 21, 2007 and April 17, 2007, respectively.  Plaintiff, through *pro bono* counsel, moved to add this claim to the proposed amended complaint on November 14, 2007.  Plaintiff could not have known about the existence of the alleged custom or policy—the hiring of individuals who fail the psychological screening—before April 17, 2007.  It was on that date that Urban, a second corrections officer, admitted that he initially failed the psychological screening.  Under these circumstances, delayed accrual to April 17, 2007 is appropriate, making Plaintiff's *Monell* claim timely under the three-year statute of limitations.  *See Damino*, 2004 WL 2032515, at *5 (permitting a discrimination claim to proceed as plaintiff, who learned of an allegedly discriminatory policy after overhearing a supervisor

discuss it, filed the complaint shortly after learning of the alleged policy). Judge Boyle properly held that this claim is timely.

Defendants also object to the R&R on the ground that Judge Boyle overlooked the fact that Lorenz and Urban appealed and ultimately passed their psychological screening. As a preliminary matter, Judge Boyle did not overlook this fact; rather he accepted plaintiff's factual allegations as true and drew all reasonable inferences in plaintiff's favor, as the law requires. *See Luparello v. Inc. Vill. of Garden City*, 290 F. Supp. 2d 341, 343 (E.D.N.Y. 2003). Further, as plaintiff notes, the County's appeal procedures and criteria for reversal for individuals who fail psychological screening remain undisclosed. Based on the pleadings, the court is unable to determine that this claim is frivolous. Judge Boyle properly held that this proposed claim was not futile.

## CONCLUSION

For the reasons set forth above, the R&R is adopted in its entirety.


SO ORDERED.

DATED:    Brooklyn, New York
             September 30, 2008


_____/s/_____
DORA L. IRIZARRY
United States District Judge

4